# IN THE COURT OF APPEALS OF IOWA

No. 24-1617
Filed April 15, 2026

**Micah Sherif Matthews,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

Appeal from the Iowa District Court for Johnson County,
The Honorable Ian K. Thornhill, Judge.

**AFFIRMED**

Micah S. Matthews, Fort Madison, self-represented appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ. Tabor, C.J., takes no part.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

Micah Matthews appeals the dismissal of his fourth postconviction-relief (PCR) application, filed almost fifteen years after procedendo issued in his underlying criminal appeal. To avoid the three-year statute of limitations in Iowa Code section 822.3 (2024), Matthews argues that there is newly discovered evidence that undermines his kidnapping conviction and that he is actually innocent of first-degree kidnapping. We conclude Matthews's claims are barred by the statute of limitations and affirm.

### I. Background Facts and Proceedings.

In the early morning hours of June 5, 2007, Matthews broke into a woman's home, pointed a gun at her, and demanded money. Matthews then forced the woman at gunpoint to drive to an ATM at a nearby credit union. The woman was unable to withdraw money from the ATM, so Matthews forced her to drive back home. Once back at the house, the woman tried to escape, but Matthews caught up to her, knocked her unconscious, and sexually assaulted her. After the assault, Matthews left the woman gagged and bound. She was eventually able to free herself and call the police. DNA was collected from the victim and crime scene and eventually matched to Matthews. Matthews was subsequently arrested.

In February 2009, after a bench trial, Matthews was convicted of first- and second-degree kidnapping, first-degree burglary, and first-degree sexual abuse. The sexual abuse conviction merged with the first-degree kidnapping conviction. He received consecutive prison sentences of life, twenty-five years, and twenty-five years on the remaining convictions. His convictions were affirmed on direct appeal. *See State v. Matthews*, No. 09-0743, 2010 WL 3894455, at *1 (Iowa Ct. App. Oct. 6, 2010). Procedendo issued on December 10, 2010.

Since then, Matthews has filed several PCR applications. *See, e.g.*, *Matthews v. State*, No. 15-2001, 2017 WL 3524717, at *1 (Iowa Ct. App. Aug. 16, 2017) (affirming denial of first PCR application); *Matthews v. State*, No. 20-1317, 2022 WL 951122, at *1 (Iowa Ct. App. Mar. 30, 2022) (affirming denial of second PCR application). On April 13, 2021, the PCR court dismissed Matthews's third PCR application without prejudice.

Most recently, on June 17, 2024, Matthews filed his fourth PCR application. He amended the application ten days later. On July 25, the State filed a pre-answer motion to dismiss, arguing that Matthews's PCR application was time-barred and, in any event, his claims had already been litigated. Matthews resisted.

The PCR court concluded that Matthews's claims were time-barred. Matthews appeals.[1]

## II. Standard of Review.

"We review summary dismissals of postconviction-relief applications for errors at law." *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). To the extent Matthews's actual-innocence claim "raises constitutional questions, our review is de novo." *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).

---

[1] On June 16, 2025, Matthews filed a motion requesting that his appeal be considered en banc. On July 11, our supreme court denied the motion as premature. In its order, the court noted, "In the event the appeal is transferred to the court of appeals, the court of appeals may consider the motion." We decline to hear this appeal en banc. *See* Iowa Ct. R. 21.12 ("A case first assigned to a panel may be submitted en banc upon the approval of the court.").

### III. Analysis.

Matthews's claims are barred by the three-year statute of limitations of Iowa Code section 822.3 unless he can show that an exception applies. Reading Matthews's fourth PCR application in the light most favorable to him, he raises the following claims: (1) newly discovered evidence—alleged ATM surveillance footage—undermines his kidnapping convictions and (2) he is actually innocent of first-degree kidnapping. We consider each argument in turn and conclude that both claims are untimely.

**A. ATM Footage.** Matthews first argues that there exists footage from the ATM that the State is concealing. Yet, Matthews is not actually aware of any existing ATM footage. Instead, Matthews bases his claim on a statement from a private investigator "that most, if not all, ATMs have video." Matthews claims this evidence is newly discovered and relevant to show whether he was at the ATM with the victim. In Matthews's view, this evidence could establish whether he was guilty of robbery, an offense with which he was not charged, rather than kidnapping.

One exception to the statute of limitations is newly discovered evidence. *See* Iowa Code § 822.3 ("[T]his limitation does not apply to a ground of fact . . . that could not have been raised within the applicable time period."). To prevail on a newly discovered evidence claim, an applicant must show, by a preponderance of the evidence,

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

4

*See Moon v. State*, 911 N.W.2d 137, 151 (Iowa 2018) (citation omitted).  When the evidence "was available to the applicant or could have been discovered with due diligence within the limitations period," the evidence does not overcome the statute of limitations.  *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020).

Even so, the State produced surveillance footage from the exterior of the credit union, which recorded the ATM at issue.  This footage was entered as exhibit at trial and was provided to Matthews and his counsel again in 2012.  The State maintains that no other footage exists.

Based on the foregoing, Matthews cannot show there is newly discovered evidence to avoid the three-year time bar of Iowa Code section 822.3.  As the PCR court concluded,

> The ATM video issue has been litigated, and footage from the ATM provided to [Matthews].  [Matthews] has not provided any persuasive evidence that there is some additional, unknown video available, and even his private investigators have provided no legitimate explanation as to why there might be video that exists that for some reason has been withheld from [Matthews].  Even if there is additional video evidence, this was information that could have been discovered by [Matthews] earlier, by exercising due diligence.  If the video existed at all, it certainly existed within the three year period following issuance of the Procedendo.

We agree with the district court.  Because Matthews has not presented any newly discovered evidence, his claim is barred by the three-year statute of limitations and was properly dismissed.

**B.  Actual Innocence.**  Matthews next argues he is actually innocent of first-degree kidnapping because the district court failed to find that the confinement of the victim "substantially increased the risk of harm, significantly lessened the risk of detection, or significantly facilitated the risk

of escape." He concedes he is guilty of robbery, but that a jury would not convict him of kidnapping if instructed correctly. To support his argument, Matthews cites *State v. Robinson*, 859 N.W.2d 464 (Iowa 2015), a case decided over ten years ago which discussed the sufficiency of the evidence to support a finding of confinement under Iowa's kidnapping statute.

An actual-innocence claim must be brought within three years under Iowa Code section 822.3 unless an exception to the statute of limitations applies. *Dewberry*, 941 N.W.2d at 5. Matthews has not identified any exception that would save his claim from the statute of limitations. As the PCR court concluded,

> As for [Matthews's] arguments regarding improper use of "intensifiers," the alleged failure to prove the elements of the charges made against him, . . . and his claimed actual innocence, these all are matters that have been considered in the course of the other actions filed by [Matthews]. As the Court of Appeals pointed out in 2017, there is overwhelming evidence of [Matthews's] guilt. [Matthews] has not provided any basis for finding an exception to the limitations period for filing postconviction relief actions, and the claims he now seeks to advance already have been litigated. [The State]'s Pre-Answer Motion to Dismiss should be granted.

Again, we agree with the PCR court. *See Matthews*, 2017 WL 3524717, at *1–2 (noting Matthews failed to preserve error on this issue).

Because Matthews has failed to prove that an exception to the statute of limitations applies to his claim, his claim is barred and was properly dismissed. Even if Matthews's claim were timely, it was, or could have been, addressed during his direct appeal or in his prior PCR actions. *See, e.g.*, *Matthews*, 2010 WL 3894455, at *2–3 (discussing whether confinement was more than "incidental to the sex act itself"); *Matthews*, 2017 WL 3524717, at *2 (concluding that Matthews failed to preserve error on his "claim regarding the sufficiency of the evidence of confinement or removal"); *see*

*also* Iowa Code § 822.8 (requiring "[a]ll grounds for relief available to an applicant" to be raised in the "original, supplemental or amended application").

### IV. Conclusion.

Because Matthews has failed to prove that an exception to the three-year statute of limitations in Iowa Code section 822.3 applies to his claims, the PCR court properly dismissed his fourth PCR application.

**AFFIRMED.**